F I L E D
United States Court of Appeals
Tenth Circuit

JUL 22 1998

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES B. SMITH and JEAN T. SMITH,

Plaintiffs-Appellants,

v.

UNITED STATES OF AMERICA;
ROBERT E. RUBIN, Secretary of
Treasury; MARGARET M.
RICHARDSON, Commissioner of
Internal Revenue; PAM C. BIGELOW,
Acting District Director, IRS,
Boise, Idaho; MICHAEL O. LEAVITT,
Governor, State of Utah;
KIM S. THORNE, Finance Director, State
of Utah,

Defendants-Appellees.

No. 97-4193
(D.C. No. 96-CV-1084)
(District of Utah)

**ORDER AND JUDGMENT** *

Before **PORFILIO** , **KELLY** , and **HENRY** , Circuit Judges.

---

*After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. This case is therefore ordered submitted without oral argument.

This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After the Internal Revenue Service seized the Smiths' $790 Utah state income tax refund, the Smiths brought this action against the United States and various named and unnamed state and federal employees, alleging that the seizure was unlawful. In their complaint, the Smiths requested both a declaration that the defendants' actions were unlawful and more than $23 million in damages. The defendants moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the complaint. The magistrate judge assigned to the case recommended dismissal, reasoning that all of the defendants enjoyed immunity, and furthermore, that the United States and the individual federal defendants had acted lawfully and that the Smiths had failed to state a claim against the individual state defendants. After the district court adopted the magistrate's recommendation and dismissed the complaint, the Smiths filed this appeal.

To the extent the Smiths seek a declaration that the defendants acted unlawfully in seizing their refund check, the Declaratory Judgment Act mandates dismissal of that portion of their complaint. See 28 U.S.C. § 2201(a) (providing that declaratory relief is not available in suits "with respect to Federal taxes"). We also uphold the dismissal of all claims for damages against the United States, as the Smiths have failed to demonstrate that the United States waived its sovereign immunity with respect to such claims. See United States v. Testan, 424 U.S. 392, 399 (1976) (holding "that the United States, as sovereign, is immune

from suit save as it consents to be sued") (quotation omitted);     see also  28 U.S.C.

§ 2680(c) (stating that the Federal Tort Claims Act does not apply to any "claim

arising in respect of the assessment or collection of any tax").  Finally, because

the complaint lacks any specific factual allegations that would, if proven true,

demonstrate that the individual state and federal employee defendants "violate[d]

clearly established statutory or constitutional rights," these defendants are entitled

to qualified immunity from the Smiths' claims for monetary damages.     See

Harlow v. Fitzgerald  , 457 U.S. 800, 818 (1982).

Accordingly, we AFFIRM the district court's dismissal of the Smiths'

complaint.

Entered for the Court,


Robert H. Henry
Circuit Judge

3